UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ELMER L. MOSLEY,                                :    Case No. 5:81-CR-138
                                                :    (Case No. 5:16-CV-1407)
        Petitioner,                             :
                                                :
    vs.                                         :    OPINION & ORDER
                                                :    [Resolving Docs. 2, 7]
UNITED STATES OF AMERICA,                       :
                                                :
        Respondent.                             :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Elmer Mosley petitions for habeas corpus relief under 28 U.S.C. § 2255. Petitioner Mosley challenges his federal convictions.[1] The Court **DENIES** Mosely's petition because the statute of limitations on his challenge has expired.

Title 28, Section 2255(f) imposes a one-year statute of limitations on § 2255 claims.

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) The date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner Mosey fails to state the precise grounds on which he challenges his convictions.

Additionally, when a defendant unsuccessfully appeals, the conviction judgment becomes final one year plus 90 days from the date the Sixth Circuit issued its opinion.[2]

The Sixth Circuit affirmed Mosley's conviction for Armed Bank Robbery on February 8, 1988.[3] Mosley's period to file a § 2255 petition therefore expired on May 9, 1989. Petitioner Mosley filed the instant petition on June 8, 2016, more than 25 years after the statute of limitations expired.[4]

Mosley mentions that he was "shot by the feds" while he was "lying on the ground."[5] Mosley offers neither evidence nor context for this allegation. These facts describe a potential *Bivens* claim, not the foundation for a § 2255 petition to vacate.[6]

The Court **DENIES** Petitioner Mosley's § 2255 petition.

IT IS SO ORDERED.

Dated: May 2, 2017                 *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[2] *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. McKinney*, 2015 WL 770312, at *2 (N.D. Ohio Feb. 23, 2015).
[3] Doc. 1 at 7.
[4] Doc. 2-1.
[5] *Id.* at 3.
[6] *Bivens v.* Six Unknown Agents, 403 U.S. 383 (1971).