UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                        :
UNITED STATES,                          :
                                        :       CASE NO. 5:81-CR-138
             Plaintiff-Respondent,      :             5:16-CV-1407
                                        :
     v.                                 :       OPINION & ORDER
                                        :       [Resolving Doc. 9]
ELMER MOSLEY,                           :
                                        :
             Defendant-Petitioner.      :
                                        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Elmer Mosley moves *pro se* for the appointment of counsel and for a hearing to determine his release date.[1] Petitioner Mosley appears to argue that he should be released no later than March 21, 2019.[2] The government opposes Petitioner's motion.[3]

The Court first denies Petitioner's request for the appointment of counsel.

There is no constitutional right to appointed counsel in habeas proceedings.[4] "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."[5] Appointment of counsel is only justified in "exceptional circumstances,"[6] and is unnecessary where claims are "relatively straightforward" and arise under settled law.[7]

There do not appear to be any exceptional circumstances warranting appointment of counsel in this case. Moreover, there is no pending habeas petition. And as the Court previously held, the

---

[1] Doc. 9.
[2] *Id.* at 5.
[3] Doc. 11.
[4] *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)).
[5] *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).
[6] *Gilber v. Barnhart*, No. 09-11223, 2009 WL 4018271, at *1 (E.D. Mich. Nov. 19, 2009).
[7] *Bookstore v. Addison*, No. 02–6014, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002).

statute of limitations has passed for Petitioner to seek any Section 2255 habeas relief.[8]  The Court therefore declines to exercise its discretion to appoint counsel for Petitioner.

The Court also denies Petitioner's request for a hearing to determine his release date.

A district court may only modify a defendant's sentence as authorized by statute.[9]  Once a sentence "has been imposed," 18 U.S.C. § 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment."  Congress grants the district courts authority to modify a final sentence only if: (1) it is upon motion by the Director of the Federal Bureau of Prisons (BOP); (2) the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35.[10]  A final sentence is only modifiable under Rule 35 if: (1) the district court acts within fourteen days of the original sentence or (2) the government moves to reduce it.

As a result, the Court cannot modify Petitioner Mosley's sentence.

First, BOP has not moved to reduce Mosely's sentence.  Second, Petitioner Mosely does not show that an applicable sentencing guideline has been reduced.  Third, none of the Rule 35 grounds applies.  The government has not moved to reduce any sentence, and more than fourteen days have passed since Petitioner's original sentence.[11]

Moreover, the issue of whether Petitioner is entitled to any jail-time credit is a matter for BOP in the first instance.  "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[12]  Prisoners who are dissatisfied with BOP's calculation may administratively appeal.[13]  After doing so, but only after doing so, they may seek review of BOP's determination in federal district court.[14]

---

[8] Doc. 8.
[9] *United States v. Howard,* 644 F.3d 455, 457 (6th Cir. 2011).
[10] *United State v. Gevaras,* 961 F. Supp. 192, 195 (N.D. Ohio 1996) (citing 18 U.S.C. § 3582(c)).
[11] Petitioner was sentenced for his crimes in the 1980's.  *See* Doc. 9.
[12] *United States v. Wilson,* 503 U.S. 329, 334–35 (2002).
[13] *See* 28 C.F.R. §§ 542.10-542.19.
[14] *United States v. Oglesby,* 52 F. App'x 712, 714 (6th Cir. 2002).

Case No. 5:81-CR-138
Gwin, J.

Here, there is no indication that Mosley has exhausted his administrative remedies. This Court therefore cannot consider at this time whether any jail-time credit might expedite his release date.

The Court therefore **DENIES** Petitioner's motion for appointment of counsel and **DENIES** Petitioner's motion for a hearing regarding his release date.

IT IS SO ORDERED.

Dated: August 6, 2018             *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE